**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 22-8296-JFW(JPRx)** | Date: April 18, 2023 |
| Title: | Caya Rodriguez -v- Raising Cane's USA, L.L.C., et al. | |

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**  ORDER DENYING PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT [filed 1/12/2023; Docket No. 23]

      On January 12, 2023, Plaintiff Caya Rodriguez ("Plaintiff") filed a Motion for Order Remanding Action to State Court. On January 23, 2023, Defendants Raising Cane's USA, L.L.C. and Raising Cane's Restaurants, L.L.C. (collectively, "Defendants") filed their Opposition. On January 30, 2023, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for April 24, 2023 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.       FACTUAL AND PROCEDURAL BACKGROUND**

      According to the Complaint, Plaintiff was a non-exempt employee of Defendants in the State of California from approximately December of 2021 to May of 2022. Complaint ¶ 2. On August 26, 2022, Plaintiff, on behalf of herself and all persons similarly situated, filed a Complaint against Defendants in Los Angeles Superior Court, alleging the following claims for relief: (1) failure to pay overtime wages (Labor Code § 510); (2) failure to pay minimum wages (Labor Code § 1197); (3) failure to provide meal periods (Labor Code § 512); (4) failure to provide rest periods (Labor Code § 226.7); (5) waiting time penalties for failure to timely pay wages upon termination (Labor Code §§ 201-203; (6) failure to provide accurate wage statements (Labor Code § 226(a)); (7) failure to timely pay wages during employment (Labor Code § 204); (8) failure to reimburse necessary business expenses (Labor Code § 2802); and (9) unfair competition in violation of California's Unfair Competition Law ("UCL") (Business & Professions Code § 17200 et seq.).

On November 14, 2022, Defendants removed this action, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"). In support of their Notice of Removal, Defendants estimated that the aggregate value of all matters in controversy exceeds $13,763,875, "using conservative and reasonable assumptions grounded in the allegations of the Complaint". Notice of Removal (Docket No. 1) at ¶¶ 44-45..

## II.     LEGAL STANDARD

"CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010); *see Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("A CAFA-covered class action may be removed to federal court, subject to more liberalized jurisdictional requirements"). CAFA vests district courts with "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and is a class action consisting of more than 100 members "in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating System Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). A defendant seeking to remove a case under CAFA need only file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). A defendant's good faith allegation that the amount in controversy exceeds the $5 million CAFA jurisdiction threshold will suffice unless challenged; however, if challenged, Defendant bears the burden of proving the propriety of federal court jurisdiction by "a preponderance of the evidence." *Dart Cherokee*, 574 U.S. at 87-88. Under this burden, a defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). However, "the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

## III.    DISCUSSION

In his Motion, Plaintiff argues that Defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds the $5,000,000 necessary for CAFA jurisdiction. Defendants contend that the evidence satisfies the amount in controversy requirement. In support of their Opposition, Defendants provided evidence to substantiate the amount in controversy.[1] Plaintiff disagrees with Defendants' calculation of the amount in

---

[1] Specifically, Defendants filed the Declaration of Courtnay Wallen (Docket No. 24-1), which contains information concerning the number of putative class members, hours worked per shift, and the number of bi-weekly pay periods worked and wage statements received by putative class members. Defendants also request judicial notice of attorneys' fee awards obtained in class actions alleging similar claims. Request for Judicial Notice (Docket No. 24-2). That Request for Judicial Notice is **GRANTED**.

controversy, claiming that is based on speculative and unsupported assumptions. The Court has considered the moving, opposing, and reply papers and disagrees. Defendants' estimates -- and the evidentiary basis for them -- are premised on reasonable assumptions, and the Court concludes that Defendants have demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.[2]

Plaintiff also moves to remand this action on the grounds that this Court does not have equitable jurisdiction over Plaintiff's claim for equitable relief under California Business & Professions Code § 17200.  Although the Court may lack equitable jurisdiction over this claim, the Court concludes that dismissal of this claim (without prejudice) rather than the remand of this action (or claim) would be more appropriate.  *See Hooks v. Dignity Health*, 2022 WL 17968833, at *3 (C.D. Cal. Dec. 27, 2022); *Treinish v. iFit Inc.*, 2022 WL 5027083, at *5 (C.D. Cal. Oct. 3, 2022)

## IV.   CONCLUSION

For the foregoing reasons, and for the reasons stated in Defendants' Opposition, Plaintiff's Motion to Remand Case to State Court is **DENIED**.  Assuming the parties agree that the Court lacks equitable jurisdiction over Plaintiff's claim for equitable relief under California Business & Professions Code § 17200 and that the Court should dismiss that claim without prejudice, they shall file a stipulation and proposed order to that effect on or before **April 24, 2023**.

IT IS SO ORDERED.

---

[2] For instance, with respect to Defendants' wage statement penalty calculations, Defendants presumed a 100% violation rate. Opposition to Motion to Remand (Docket No. 24) at 13. This presumption is reasonable given that Plaintiff alleged that "Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements pursuant to Labor Code sections 226, subdivision(a) and 226.2, subdivisions (a)(2)(A-B) on *each and every* wage statement that should have been provided, including by failing to itemize and/or pay all nonproductive time and rest and recovery time for each." *See* Complaint ¶ 71 (emphasis added).  Based on this claim alone, the amount in controversy exceeds $5,000,000.